# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

KYRA WEBER, et al.,

    Plaintiffs,

v.                                   Civil Action 2:17-cv-572
                                       Judge George C. Smith
                                       Magistrate Judge Jolson

RENOVO SOLUTIONS, LLC,

    Defendant.

## REPORT AND RECOMMENDATION

This case is before the Court on Plaintiffs' Motion to Remand. (Doc. 4). For the reasons set forth below, the Court **RECOMMENDS** that the Motion to Remand be **DENIED**.

## I.    BACKGROUND

Plaintiffs originally filed this matter in the Court of Common Pleas for Fairfield County, Ohio. (*See* Doc. 2); *Kyra Weber, et al. v. Renovo Solutions, LLC*, Case No. 2017 CV 430. The Complaint, filed on June 1, 2017, was filed by co-executors of the estate of Wanda Rose Anders, who died on June 2, 2015 from complications of an epinephrine overdose. (Doc. 2, ¶¶ 1, 3).

Ms. Anders was transferred to an intensive care unit at Fairfield Medical Center following a surgical procedure on May 22, 2015, where Plaintiffs allege that she "negligently received a bolus of epinephrine by a nurse (Kaitlin Angle RN) …, causing arrhythmia, hemodynamic instability, and stroke." (*Id.*, ¶¶ 1, 3–5). The epinephrine was delivered to Ms. Anders through an IV line connected to a pump manufactured and sold by CareFusion 303, Inc. ("CareFusion"). (*Id.*, ¶ 6). Plaintiffs explain that "[t]he accidental epinephrine bolus occurred as Nurse Angle was removing the epinephrine bag from an Alaris IV pump. Nurse Angle

negligently failed to utilize the 'roller clamp' on the IV line, which is designed to prevent accidental infusions like this." (*Id.*, ¶¶ 7–8).

The Complaint, which claims wrongful death, notes that Plaintiffs filed another lawsuit before this one ("*Anders I*"), on January 29, 2016. (*Id.*, ¶ 9); *see Kyra Weber, et al. v. Fairfield Med. Ctr.*, Case No. 2016 CV 00049. That lawsuit, filed against Fairfield Medical Center and CareFusion, also concerns Ms. Anders's death. (*Id.*). *Anders I* remains pending in the Fairfield County Court of Common Pleas.

A discussion of *Anders I* is necessary to resolve Plaintiff's Motion. During Nurse Angle's deposition in *Anders I* on October 7, 2016, she testified that the entire bag of epinephrine infused when the automatic "safety clamp fitment" improperly failed to occlude the IV. (Doc. 4 at 2). Based on that testimony, Plaintiffs requested leave to file an amended complaint adding CareFusion, the IV pump and IV line manufacturer, as a defendant. (*Id.* at 2–3) (footnote omitted). The Court granted Plaintiffs leave, and Plaintiffs filed the amended complaint on December 2, 2016. (*Id.* at 3).

Discovery in *Anders I* continued. On March 9, 2017, an expert testing the IV pump used in the infusion discovered that Renovo Solutions ("Renovo"), which operates Fairfield Medical Center's biomedical engineering department, had used an inferior part to replace the "sear" in January 2015. (*Id.*). Based on this information, CareFusion sought, and was granted, leave to file a third-party claim in *Anders I* against Renovo. (*Id.*). CareFusion filed the third-party complaint on May 31, 2017. (*Id.*).

Plaintiffs state that, with substantiation in *Anders I* "that Renovo used an incompatible, unauthorized part that caused the IV pump to fail, it was incumbent on [them] to assert a claim against Renovo for Ms. Anders' death." (*Id.*) (footnote omitted). However, Plaintiffs' counsel

2

believed that "the wrongful death statute of limitations was arguably about to expire," so counsel chose what they "thought" was "the safer course"—"to file a separate action against Renovo, then consolidate the cases into one." (*Id*. at 3–4) (footnotes omitted). Counsel explains:

> The reason we brought a separate action against Renovo is that the two year statute of limitations would arguably expire on June 2, 2017. Rather than attempt to amend the complaint again, and uncertain that we could obtain leave of court before the statute of limitations expired, we filed a separate case against Renovo. It was our intention to consolidate the cases when Renovo made its appearance….

(*Id*. at 4) (footnote omitted). However, things did not go as Plaintiffs planned. Renovo "filed the removal simultaneously with its answer," under this Court's diversity jurisdiction. (*Id*.; *see* Doc. 1).

The Notice of Removal states that complete diversity exists because Plaintiff Kyra Weber is a citizen of Indiana, Plaintiff Karen D. Weis is a citizen of Ohio and/or Indiana, and Renovo is a citizen of California. (Doc. 1, ¶¶ 3–5). Defendant also alleges that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. (*Id*., ¶ 6).

Plaintiffs filed the Motion to Remand on July 12, 2017. (Doc. 4). In the Motion, Plaintiffs seek remand based on their position that (1) this case and *Anders I* are derived from the same facts and (2) because Renovo, the Defendant here, is already a third-party defendant in *Anders I*. (*Id*.). Thus, Plaintiffs argue that these cases should be consolidated for discovery, trial, and disposition. (*Id*.). Plaintiffs also claim that "[t]o permit the federal case to proceed apart from the state case would be uncoordinated and wasteful." (*Id*.).

Defendant disagrees and argues that "Plaintiffs' arguments ostensibly raise the rarely used Colorado River Abstention Doctrine, which allows the district court to decline jurisdiction in exceptional circumstances." (Doc. 6 at 1). Defendant claims that the doctrine is inapplicable

and Plaintiffs have waived any argument that it applies. (*Id*.). Consequently, Defendant urges this Court to deny Plaintiffs' Motion. (*Id*.).

In reply, Plaintiffs insist that they are *not* invoking the Colorado River Abstention Doctrine. (Doc. 8 at 1). Plaintiffs define the relevant issue as "whether this case should be remanded because it is essentially part and parcel of an already existing state action involving the same parties and same issues." (*Id*.). Plaintiffs rely on case law from the United States Court of Appeals for the Seventh Circuit to support their position. (*Id*. at 5–6).

Having been briefed fully, this matter is now ripe for resolution.

## II. LEGAL STANDARD

The basis for removing a state court case to federal court "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936); *see also Powell v. Wal-Mart Stores, Inc.*, No. 14-155-HRW, 2015 WL 2063966, at *3 (E.D. Ky. Apr. 30, 2015) (noting that "jurisdiction is determined at the time of removal"). Thus, the Court may not consider defenses in deciding if a case may be removed. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 515 (6th Cir. 2003). Because removing a case interferes with the state court's jurisdiction, removal statutes are construed narrowly. *See Long v. Bando Mfg. Co. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000) (stating "removal statutes are to be narrowly construed" because "they implicate federalism concerns").

The requirements for federal jurisdiction based on diversity of citizenship are set forth in 28 U.S.C. § 1332(a). Diversity is satisfied if no plaintiff and no defendant are citizens of the same state, and the amount in controversy is $75,000 or greater. *See 3LI Consultant Grp. v. Catholic Health Partners*, No. 1:15-cv-455, 2016 WL 246202, at *1 (S.D. Ohio Jan. 21, 2016).

Whether Plaintiffs will prevail on their claims is irrelevant for the purposes of determining the amount in controversy. *See Garza v. Bettcher Indus., Inc.*, 752 F. Supp. 753, 763 (E.D. Mich. 1990). It is sufficient if a fair reading of the Complaint demonstrates that, if Plaintiffs are successful, it is more likely than not that their damages will exceed the required amount. *Id*.

## III. DISCUSSION

Plaintiffs do not argue that the requirements for federal jurisdiction based on diversity of citizenship are unsatisfied. (*See generally* Doc. 4). Nor do Plaintiffs ask this Court to abstain from hearing this case under any abstention doctrine. (*See* Doc. 8 at 1). Instead, Plaintiffs rely on Seventh Circuit case law to argue that remand is proper because this case is an ancillary or supplementary proceeding inextricably intertwined with *Anders I*. (Doc. 4 at 7). At base, Plaintiffs' argument is based on convenience and efficiency because Renovo is a third-party defendant in *Anders I* and, in their view, "the evidence regarding Renovo's negligence [and] the witnesses are the same." (*Id*.).

But Plaintiffs are in this Court as a result of their own choices. They chose to file this separate case "to avoid the foreseeable argument based on statute of limitations" and because they "had very little time to seek leave to amend the complaint again…." (*Id*.). To them, it "was safer to simply file a separate claim." (*Id*.).

In doing so, Plaintiffs made a number of assumptions. They assumed that if they had sought leave to amend to add a claim against Renovo in *Anders I*, Judge Berens would have granted it (although perhaps not in time under the statute of limitations). More relevant here, Plaintiffs assumed that, when they filed this case, Judge Berens would consolidate it with *Anders I*. Plaintiffs ask this Court to join them in making the latter assumption and remand this case based upon that contingency.

5

It is not a given that Judge Berens would allow consolidation, and this Court may not remand based on speculation that he would do so. Rather, this Court's threshold inquiry is more limited—the question is whether the Court has subject-matter jurisdiction over this matter. *See, e.g., Hrivnak v. NCO Portfolio Mgmt., Inc.*, 723 F. Supp. 2d 1020, 1022 (N.D. Ohio 2010) (stating that "[t]he threshold issue before the Court [in considering a motion to remand] is whether subject matter jurisdiction is proper"). The answer to that question is yes. The requirements for diversity jurisdiction are satisfied and this matter was properly removed to this Court. *See 3LI Consultant Grp.*, No. 1:15-cv-455, 2016 WL 246202, at *1. That consolidation, if it were to occur, "would defeat complete diversity" or that "Fairfield County," in Plaintiffs' opinion, "is the proper and best forum to manage the entire case" do not justify remand where jurisdiction is proper. (Doc. 4 at 7); *see Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996) ("We have often acknowledged that federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress.").

Finally, this is not a situation where, as Plaintiffs allege, Defendant has removed part of a case. (Doc. 8 at 2). When Plaintiffs opted to file a separate action, they did just that—created an entirely new case that is not duplicative of *Anders I*. Because 28 U.S.C. § 1332(a)'s requirements are satisfied, it was Defendant's right to remove that separate case based on diversity of citizenship. Stated simply, this Court has subject-matter jurisdiction over this case, and Plaintiffs have failed to set forth any law or argument that deprives this Court of that jurisdiction.

Based upon the foregoing, the Court **RECOMMENDS** that Plaintiffs' Motion to Remand be **DENIED**. (Doc. 4). Although not a basis for remand, the Court understands that it may be more convenient for Plaintiffs to litigate this case in the Fairfield County Court of

Common Pleas. Thus, this Court shall make a concerted effort to streamline discovery in this case in light of *Anders I*.

## IV. RECOMMENDED DISPOSITION

Based upon the foregoing, the Court **RECOMMENDS** that Plaintiffs' Motion to Remand be **DENIED**. (Doc. 4).

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: August 3, 2017
/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE