# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**KYRA WEBER,** *et al.*,

    **Plaintiffs,**

vs.                                               Case No.: 2:17-cv-572
                                                     JUDGE GEORGE C. SMITH
                                                     Magistrate Judge Jolson

**RENOVO SOLUTIONS, LLC,**

    **Defendant.**

## **ORDER**

On August 3, 2017, the United States Magistrate Judge issued a Report and Recommendation on Plaintiffs' Motion to Remand (Doc. 9). The Magistrate Judge concluded that this Court has subject-matter jurisdiction over this case and recommended that Plaintiff's Motion to Remand be denied. Plaintiffs filed an objection to the Report and Recommendation to which Defendant responded. Plaintiffs then moved to strike Defendant's response. The objection and the motion to strike are fully briefed and ripe for review.

As a preliminary matter, Plaintiffs move to strike Defendant's Response to Plaintiffs' Objection as "not recognized in the Federal Civil Rules, Local Rules, 28 USC §636, or an order of this court." (Doc. 16). Plaintiffs, however, are incorrect as Rule 72(b)(2) of the Federal Rules of Civil Procedure specifically allows a party to respond to another party's objections within 14 days. Accordingly, Plaintiffs' Motion to Strike is **DENIED**. Defendant's Motion for Leave to File a Sur-Reply is **DENIED AS MOOT**.

Turning next to Plaintiffs' Objection to the Magistrate Judge's Report and Recommendation, a district court "must consider timely objections and modify or set aside any

part of the order that is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The "clearly erroneous" standard applies to the magistrate judge's factual findings while legal conclusions are reviewed under the more lenient "contrary to law" standard. *Gandee v. Glaser,* 785 F. Supp. 684, 686 (S.D. Ohio 1992), aff'd, 19 F.3d 1432 (6th Cir. 1994). "[A] finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Eversole v. Butler County Sheriff's Office*, No. C-1-99-789, 2001 U.S. Dist. LEXIS 26894, at *2 (S.D. Ohio August 7, 2001) (Beckwith, J.) (sustaining objections to magistrate judge's order rejecting claim of attorney-client privilege and work-product) (citation omitted). The District Court Judge's review under the "contrary to law" standard is "plenary," and it "may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee,* 785 F.Supp. at 686 (citations omitted). It is with these standards in mind that the Court reviews the Magistrate Judge's Report and Recommendation.

The Magistrate Judge carefully considered all the arguments of the parties submitted in the briefing on the Motion to Remand. The Magistrate Judge concluded that this Court has subject-matter jurisdiction over this case and therefore denied Plaintiffs' Motion to Remand. Plaintiffs generally argue that "[t]here is not one good reason to maintain this case in federal court, and there are several reasons to remand it." (Doc. 11, Pl.'s Obj. at 1). Plaintiffs argue that this case is part of an ongoing state case involving the same issues and parties and that case is scheduled for trial on January 30, 2018. (*Id*.). Defendant responds that Plaintiffs merely make general objections to the Report and Recommendation, which has the same effect as a failure to

object and have waived de novo review.  And in the alternative, Defendant asserts that the removal was proper and this Court has subject-matter jurisdiction over this case.  (Doc. 15).

The Court agrees with the reasoning of the Magistrate Judge in the Report and Recommendation that based on the arguments presented on the Motion to Remand, the proper inquiry was to decide whether removal was proper and if this Court had subject matter jurisdiction.  The Court agrees that subject-matter jurisdiction is proper.  Accordingly, Plaintiffs' objection to the Magistrate Judge's Report and Recommendation is **OVERRULED** and Plaintiffs' Motion to Remand is **DENIED**.

However, Plaintiffs do make some valid arguments in their Motion to Remand, including that this was an ancillary or supplementary proceeding to the state court case.  Plaintiffs failed to argue both in the Motion to Remand and in their objection a valid legal argument in opposition, such as abstention.  This Court is concerned with the two cases proceeding on parallel tracks in both state and federal court.  There are concerns with judicial economy and the Sixth Circuit has reasoned in similar cases that "[t]he legitimacy of the court system in the eyes of the public and fairness to the individual litigants also are endangered by duplicative suits that are the product of gamesmanship or that result in conflicting adjudications." *Romine v. Compuserve Corp.*, 160 F.3d 337, 341 (6th Cir. 1998).  Therefore, in order to fully address Plaintiffs' concerns and the Court's concerns with possible conflicting rulings from the state and federal courts, the parties shall submit additional briefing on these concerns, including specifically their positions on abstention.  Plaintiffs shall submit their brief on or before October 25, 2017.  Defendant shall file a response on or before November 17, 2017.  Plaintiff shall file any reply on or before December 1, 2017.

The Clerk of this Court shall remove Documents 4, 9, 16, 19 from the Court's pending motions list.

**IT IS SO ORDERED**.

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**